IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| RICHARD W. ALLAN and | : | CASE NO. 5-08-bk-52478 RNO |
| LINDA S. ALLAN | : | |
| | : | |
| Debtors | : | |

*****************************************************************************

| | | |
|---|---|---|
| RICHARD W. ALLAN | : | |
| | : | |
| Movant | : | |
| | : | |
| v. | : | Nature of Proceeding: |
| | : | Motion to Avoid Lien |
| PUTNAM COUNTY NATIONAL BANK | : | |
| | : | |
| Respondent | : | |

# OPINION

One of the Chapter 7 Debtors, Richard W. Allan ("Debtor"), filed a Motion to avoid a

judicial lien held by the Respondent, Putnam County National Bank ("Bank").  For the reasons

stated herein, I find that the lien of the Bank's judgment is avoidable as impairing the tenancy by

the entirety exemption in Pennsylvania real property owned jointly by the Debtor and his filing

spouse.

**I.      Jurisdiction**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(2).

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (K).

**II.     Facts**

On September 4, 2008, the Debtor and his wife, Linda S. Allan, filed a joint Chapter 7

petition.  On June 18, 2009, the Debtor filed a Motion for Order to Avoid Judgment Lien,

seeking to avoid the lien of a judgment held by the Bank.  Judgment was originally entered in

Putnam County, New York, and was subsequently transferred to Wayne County, Pennsylvania.

The Debtor and his filing spouse, own real property both in Putnam County, New York and in

Wayne County, Pennsylvania.

On February 16, 2010, the Debtor and the Bank filed a Stipulation of Facts. The

stipulated facts, with the numbered paragraph reference taken from the Stipulation of Facts,

include the following:

3.    The Debtor, Richard W. Allan, identified and listed three (3) parcels of real estate on Schedule A consisting of a single family residence situated on two (2) lots at 5 Airpark Road, Cherry Ridge Township, Wayne County, Pennsylvania, owned jointly with his wife, Co-Debtor Linda S. Allan, and a house at 8 Nethermont Avenue, North White Plains, New York, owned jointly with his wife, Co-Debtor Linda S. Allen [sic], and a vacant lot at 16 Nethermont Avenue, North White Plains, New York, owned by Debtor, Richard W. Allan.

4.    On Schedule C, the jointly owned real estate in Pennsylvania and New York were claimed exempt pursuant to 11 U.S.C. Section 522 (b)(3)(B).

5.    No exemption claim for the vacant lot in New York was claimed.

6.    Putnam County National Bank filed a proof of claim on July 9, 2009, asserting a secured claim of $2,642,359.69 on real estate pursuant to a Court judgment in the amount of $2,642,359.69 entered on September 26, 2003 at 8:58 a.m. in Putnam County, New York, and thereafter, recorded said judgment in Wayne County, Pennsylvania to No. 725-Judgment-2003, and revived on February 26, 2008, to No. 213-Judgment-2008.

10.   The Debtors, Richard W. Allan and Linda S. Allan, are the record owners of real estate described on Schedule A and were lawfully married to each other on August 15, 1982, and remain lawfully married as of the date of this Stipulation.

2

11.    The properties in New York and Pennsylvania were
       acquired during the Debtors' marriage.

12.    Linda S. Allan is not indebted to or otherwise obligated to
       the Putnam County National Bank for a debt, personal
       guarantee or judgment.

13.    With the exception of mortgage obligations upon jointly
       held real estate, there is no unsecured debt owed by both
       Debtors as joint and several obligations.

## III.    Discussion

In the original Motion for Order to Avoid Judgment Lien, the Debtor sought to avoid the

Bank's lien against his real properties both in Pennsylvania and New York. The Bank filed an

Answer in which it alleged that its lien did not impair the exemption claimed by the Debtor.

Further, the Bank's Answer alleged that, under New York state law, the Debtor's interest in the

one jointly owned real property located in New York state, even though held as entireties

property, was encumbered by virtue of the Bank's judgment against the Debtor alone.

A briefing schedule was set by the Court on January 13, 2010, and the Debtor has filed

his Brief in support of the Motion for Order to Avoid Judgment Lien. The Bank did not file a

brief as directed by the briefing schedule. Significantly, the Debtor's Brief argues that the

Bank's judgment lien is not enforceable against the Debtor's real property situate in

Pennsylvania. Debtor's Br. 3. I will treat the Debtor's submission as an amendment to the

Motion seeking relief only with respect to the Debtor's real property in Wayne County,

Pennsylvania and not seeking relief with respect to the Debtor's two properties located in

Putnam County, New York.

3

**A.** **Has the Debtor claimed an exemption in the Wayne County, Pennsylvania residential real estate?**

Schedule C was filed herein on September 25, 2008.  In part, it claims an exemption in 5 Airpark Road, Cherry Ridge Township, Wayne County, Pennsylvania, pursuant to 11 U.S.C. § 522(b)(3)(B)[1] in the amount of $450,000.00.  No objections to the claimed exemptions were filed within thirty days as required under F.R.B.P. 4003(b).  Unless the thirty-day time to object to a claim exemption is extended, the trustee or creditor is precluded from challenging an exemption after the thirty-day period has expired.  Therefore, the claimed property becomes exempt.  *Taylor v. Freeland & Kronz*, 112 S.Ct. 1644, 1648 (U.S. 1992).

It is noted that the Debtor elected to select the exemptions available under Pennsylvania state law pursuant to § 522(b)(3).  Pennsylvania is not an "opt out" state.  Therefore, individual debtors may elect to claim bankruptcy exemptions either under the so-called federal exemptions or exemptions available under applicable state law.  The federal exemptions are delineated in § 522(d).

The Debtor has asserted his exemptions pursuant to State law.  A debtor may claim exemptions in accordance with the law of the state in which the:

> . . . debtor's domicile has been located for 730 days immediately preceding the date of the filing of the petition or if the debtor's domicile has not been located at a single State for such 730-day period, the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period or for a longer portion of such 180-day period than in any other place;
>
> Section 522(b)(3)(A); for discussion, see *In re Varanasi*, 394 B.R. 430, 435 (Bankr. S.D.Oh. 2008).

---

[1]        Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA").

Case 5:08-bk-52478-RNO    Doc 77    Filed 07/20/10    Entered 07/20/10 09:20:04    Desc
Main Document      Page 4 of 6

Based upon the Stipulated Facts and the records herein, I find that Pennsylvania law is the suitable basis for the Debtor's claimed exemption.

**B.  Pennsylvania tenancy by the entireties law.**

It is stipulated that the Bank's judgment is against the Debtor alone.  It is also stipulated that the Pennsylvania real property is owned jointly by the Debtor with his filing spouse.  It is further stipulated that there are no joint unsecured claims against both the Debtor and his filing spouse.

Pennsylvania law generally provides that a husband and wife are said to be seized of the whole estate in the property and, during the term of the marriage, they do not have separate divisible interests in the property.  "A husband and wife do not own separate interests in entireties property which can be reached by their individual creditors." *Stop 35, Inc. v. Haines*, 374 Pa.Super. 604, 607, 543 A.2d 1133, 1135 (1988); *In re Houck*, 184 B.R. 21, 23 (Bankr. E.D.Pa. 1995).  Thus, generally, only joint claims against both a husband and wife attach to entireties property. *Napotnik v. Equibank and Parkvale Savings Ass'n*, 679 F.2d 316, 320 (3d Cir. 1982).  The record indicates that the Bank does not hold a joint claim.

Further, § 522 (b)(3)(B) specifically provides an exemption for tenancy the entirety property which ". . . is exempt from process under applicable nonbankruptcy law."  Pursuant to Pennsylvania law, I find that the Debtor could exempt his interest in the Pennsylvania property, held as a tenancy by the entirety, from the claim of the Bank which is solely against the Debtor.

I find that the Bank's lien is a judicial lien, a non-consensual lien, subject to avoidance pursuant to the provisions of § 522(f)(1). *In re Simonson*, 758 F.2d 103, 105 (3d Cir. 1985).  I further find that the Bank's judicial lien impairs the exemption to which the Debtor would have

5

been entitled under Pennsylvania law and that the lien is subject to avoidance under § 522(f)(1).

*Owen v. Owen*, 500 U.S. 305, 312-13, 111 S.Ct. 1833, 1837-38 (U.S. 1991). Finally, I note that, unlike the federal bankruptcy exemptions, there is no dollar limitation on the amount of the tenancy by entirety exemption under Pennsylvania common law.

## III.    Conclusion

The Debtor's Motion for Order to Avoid Judgment Lien with respect to Pennsylvania real property owned jointly with his filing spouse is granted. An order will be entered consistent with the foregoing Opinion.

By the Court,

Robert N. Opel, II, Bankruptcy Judge

(BI)

Date: July 20, 2010

*This opinion is electronically signed and filed on the same date.*

6